IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFF YEAGER, and
PHILLIPS CONSTRUCTION, LLC,

      Plaintiffs,

v.                                CIVIL ACTION NO.: 1:12-cv-117 (Keeley)
                                        Electronically Filed: July 19, 2012

CONTINENTAL CASUALTY COMPANY; NATIONAL
FIRE INSURANCE COMPANY OF HARTFORD;
CONTINENTAL INSURANCE COMPANY;
BB&T INSURANCE SERVICES, INC., d.b.a.
BB&T THORNTON & HARWELL AGENCY, Inc.
d.b.a. BB&T COOPER, LOVE, JACKSON,
THORNTON AND HARWELL, Inc.; and
MASON POPE,

      Defendants.

## **COMPLAINT**

      Plaintiffs Jeff Yeager and Phillips Construction, LLC, by their counsel, James R. Fox, and Fox Law Office, PLLC, assert the following complaint against the Defendants.

      1.      Phillips Construction, LLC, ("Phillips Construction") is a Kentucky corporation, and previously performed construction work on a project known as the White Oaks Business Park, located near Bridgeport, West Virginia.

      2.      Phillips Construction performs construction work in several states, including West Virginia; and prior to performing work at the White Oaks project, Phillips Construction requested and obtained insurance coverage from the Defendants for potential lawsuits or claims asserted by its employees.

3. On or about September 11, 2008, Jeff Yeager, an employee of Phillips Construction, was seriously and permanently injured while operating a dump truck at the White Oaks project. Jeff Yeager filed a lawsuit and obtained a judgment against Phillips Construction.

4. Jeff Yeager is a resident of the Northern District of West Virginia. In addition to obtaining a judgment against Phillips Construction, Jeff Yeager was assigned and conveyed the rights of Phillips Construction for the claims asserted herein.

5. Phillips Construction made claims under the applicable insurance policies for a defense and indemnification of the cause of action asserted by Jeff Yeager.

6. The Defendants Continental Casualty Company, National Fire Insurance Company of Hartford, and Continental Insurance Company (collectively, "Continental"), are licensed to perform business in West Virginia, and engage in extensive business throughout this state. Continental sold insurance policies to Phillips Construction insuring the risks for the work being performed in West Virginia. These policies include coverage for indemnification and defense of the lawsuit and claims asserted by Jeff Yeager.

7. The Defendant BB&T Insurance Services, Inc. is a North Carolina corporation which does business as BB&T Thornton & Harwell Agency, Inc., and BB&T Cooper, Love, Jackson, Thornton and Harwell, Inc.

8. The Defendants BB&T Insurance Services, Inc., BB&T Thornton & Harwell Agency, Inc. and BB&T Cooper, Love, Jackson, Thornton and Harwell, Inc. provide numerous insurance services for Phillips Construction, and act as insurance agents and brokers. The Defendant Mason Pope is an agent and employee of these Defendants, and acted as Phillips Construction's personal agent.

9. Defendants BB&T Insurance Services, Inc., BB&T Thornton & Harwell Agency Inc., BB&T Cooper, Love, Jackson, Thornton, and Harwell, Inc., (collectively, BB&T) and Mason Pope ("Pope") knew that Phillips Construction performs work in multiple states, and was performing work in West Virginia.  They also knew that Phillips Construction had requested insurance coverage for lawsuits filed by employees injured while working in West Virginia.

10. In his capacity as an agent and employee of BB&T, Pope held himself and BB&T out as experts in the realm of commercial insurance and regularly provided advice and counsel to commercial clients, including Phillips Construction, regarding the types of coverage necessary to protect them from various potential losses arising from their construction work throughout their multistate operating territories, including but not limited to workplace injuries to employees.

11. In addition to providing advice and recommendations, Pope and BB&T chose the type and amounts of coverage necessary for their clients and received substantial remuneration for their services in the form of commissions.  Pope and BB&T were aware of the nature and scope of Phillips' multi-state construction operations and were aware that Phillips was reasonably relying upon them to provide advice and counsel regarding the types and amounts of coverage necessary to protect it from various potential losses arising from its operations throughout its multistate operating territory, including but not limited to workplace injuries to employees.

12. BB&T and Pope knew that Phillips Construction was relying on them to procure all coverage necessary to fully protect this entity.  Phillips Construction's owner met with Pope on numerous occasions, including annually starting in approximately 2005 to discuss the types of coverage necessary to protect it from various risks and to discuss additional or new coverage that Phillips needed to purchase.

13.     Prior to commencing work on the White Oaks project, the owner of Phillips Construction met with Pope to discuss its existing coverage, and specifically asked Pope whether Phillips construction was "fully covered" for all potential losses arising from injuries suffered by employees at the White Oaks project.

14.     Pope represented that Phillips Construction was fully covered for all potential losses including those lawsuits filed by employees injured while working at this project.

15.     Phillips Construction reasonably relied on these representations and was sold policies from Continental that purport to cover Jeff Yeager's lawsuit.

16.     Despite knowledge of the type of work being performed by Phillips Construction, the potential liability for employee lawsuits based on unsafe working conditions, Phillips Construction's request for this particular coverage, and the assurances provided to Phillips, the Defendants refused to defend and indemnify Phillips Construction for the claims asserted by Jeff Yeager.

17.     In addition to wrongfully denying this claim, Continental engaged in self dealing intended to protect its own interests and place them above those of their insured, Phillips Construction.  Three months after denying coverage for the lawsuit, Continental settled Mr. Yeager's workers' compensation claim for an unreasonably low amount considering the severe, disabling injuries suffered by him.  This settlement was made with the specific intent to shift the bulk of the responsibility for Mr. Yeager's damages to Phillips Construction and to avoid payment under the insurance policies. The actions were also unconscionable, took advantage of Jeff Yeager, and caused him substantial financial loss and physical suffering.

18.     Phillips Construction has incurred significant legal fees and expenses defending this action, and has suffered a judgment of $400,000 all of which should have been covered under these insurance policies.

**COUNT I BREACH OF CONTRACT**

19.     BB&T and Pope were aware of the type of work being performed by Phillips Construction and that this work was being performed in numerous states, including West Virginia.

20.     Phillips Construction informed Mason Pope and BB&T that it intended to engage in construction work in West Virginia and that liability insurance was necessary to cover all claims, including lawsuits brought by injured employees.

21.     BB&T and Pope also knew or should have known that employees injured at worksites in West Virginia may sue employers for injuries caused by unsafe working conditions; particularly, the cause of action asserted by Jeff Yeager.

22.     Mason Pope and BB&T represented, warranted, and promised to procure liability insurance for the West Virginia operations which would make Phillips Construction fully covered, including coverage for lawsuits filed by injured employees.

23.     Mason Pope and BB&T also represented and warranted that they had the requisite knowledge and ability to procure the appropriate insurance to cover the claims likely to be filed against Phillips Construction, including those asserted by Jeff Yeager.

24.     Phillips Construction relied upon these representations, assurances, and warranties, and reasonably expected that any lawsuits filed by injured employees would be fully covered by the insurance policies procured by Mason Pope and BB&T.

25.     BB&T and Pope had a duty and obligation to either procure the insurance coverage requested by Phillips Construction or advise that the coverage had not been obtained.

26.     BB&T and Pope represented that the coverage requested by Phillips Construction had been obtained through policies issued by Continental.

27.     BB&T and Pope breached their contract with Phillips Construction, and failed to obtain coverage to defend and indemnify the claims asserted against Phillips Construction for the permanent, disabling injuries suffered by Jeff Yeager.

28.     As a direct and proximate result of the breach of contract by BB&T Insurance Services, Inc., BB&T Thornton & Harwell Agency, Inc., BB&T Cooper, Love, Jackson, Thornton and Harwell, Inc., and Mason Pope, Phillips Construction has lost the benefit of its bargain, has incurred significant attorneys' fees, legal expenses and related litigation costs, and has been ordered to pay a judgment of $400,000.  Phillips Construction has also suffered delay, annoyance and inconvenience, damage to its reputation, lost business, and other economic and non-economic damages.

## **COUNT I I   BREACH OF CONTRACT**

29.     Continental issued insurance policies which include liability coverage for the lawsuit filed by Jeff Yeager.

30.     Phillips Construction reasonably expected that the policies issued by Continental included liability coverage for lawsuits filed by employees injured by unsafe worksites in West Virginia, including the lawsuit filed by Jeff Yeager.

31.     Phillips Construction also relied upon the representations of Continental that it would cover these types of claims and that it would defend and indemnify Phillips Construction for this lawsuit.

32.     Phillips Construction made claims under the policies issued by Continental and requested that it defend and indemnify the cause of action filed by Jeff Yeager.

33. Continental breached its contracts with Phillips Construction, wrongfully denied coverage, and refused to indemnify Phillips Construction or provide a legal defense to the claims asserted by Jeff Yeager.

34. The actions of Continental were willful, wanton, and malicious. Punitive damages are necessary to punish and deter future misconduct.

35. As a direct and proximate result of the breaches of contract by Continental, Phillips Construction lost the benefit of its bargain, incurred significant attorneys' fees, legal expenses, and related litigation costs. Phillips Construction has also suffered damage to its reputation, lost business, delay, annoyance and inconvenience, must pay a judgment of $400,000, and has suffered other economic and non-economic damages.

## COUNT III NEGLIGENCE

36. BB&T and Pope knew that Phillips Construction was performing excavation and other construction work in West Virginia.

37. BB&T and Pope knew or should have known that employees injured by unsafe working conditions in West Virginia may sue the employer for damages exceeding workers' compensation benefits, and that these lawsuits were a substantial risk to Phillips Construction.

38. Phillips Construction requested that it be fully covered for all potential risks associated with its construction activities; particularly, lawsuits filed by employees injured by unsafe working conditions, and requested BB&T and Pope to procure coverage for these types of claims.

39. BB&T and Pope were in a special relationship with Phillips Construction, and voluntarily undertook and assumed the duty, and promised to procure insurance coverage for

Phillips Construction that covers lawsuits brought by employees injured at West Virginia worksites, and further assured Phillips Construction that it was fully covered.

40. BB&T and Pope had a duty and obligation to procure the specific insurance coverage requested by Phillips construction, including coverage to defend and indemnify lawsuits brought by employees injured by unsafe working conditions.

41. BB&T and Pope had a duty and obligation to recommend and explain the types of coverage available and necessary to protect Phillips Construction, and to procure the types of coverage that fully protected Phillips Construction from lawsuits filed by injured employees.

42. BB&T and Pope had a duty and obligation to inform Phillips Construction if they could not or were not procuring the type of coverage requested (and promised) or which is necessary to protect Phillips Construction from liability to its employees.

43. BB&T and Pope negligently, carelessly and recklessly failed to satisfy its duties and obligations to Phillips Construction, and further failed to procure the proper coverage as requested and necessary to protect Phillips Construction, and as promised by these Defendants.

44. The actions of BB&T and Pope were willful, wanton, and malicious. Punitive damages are necessary to punish and deter future misconduct.

45. Continental is responsible and liable for the negligence of BB&T and Pope by virtue of their principal and agency relationships.

46. As a direct and proximate result of the foregoing negligence, Phillips Construction has lost the benefit of its bargain, has incurred significant attorneys' fees, legal expenses and related litigation costs, and has been ordered to pay a judgment of $400,000. Phillips Construction has also suffered damage to its reputation, lost business, delay, annoyance and inconvenience, and other economic and non-economic damages.

## COUNT IV COMMON LAW AND STATUTORY BAD FAITH AND UNFAIR TRADE PRACTICES

47. The Defendants, Continental, BB&T and Pope, are engaged in the business of insurance in West Virginia and are subject to and regulated by the West Virginia insurance laws and regulations, including the Unfair Trade Practices Act, West Virginia Code section 33-11-1, et seq., regulations promulgated by the Insurance Commission, and common law.

48. Phillips Construction is among the class of insurance consumers intended to be protected by the common law and statutory insurance laws and regulations.

49. Continental has committed common law and statutory bad faith and unfair trade practices through their wrongful denial of coverage and refusal to defend and indemnify Phillips Construction.  Their actions also violate the applicable insurance regulations.

50. The Defendants have committed common law and statutory bad faith and unfair trade practices, and violated the applicable insurance regulations in their failure to procure proper insurance coverage and denial of coverage in this case.

51. The Defendants misrepresented pertinent policy provisions, made representations that Phillips Construction was fully protected, and wrongfully denied coverage for the claims asserted by Jeff Yeager.

52. The Defendants violated various provisions of the Unfair Trade Practices Act, § 33-11-4, during the handling, processing and adjustment of Phillips Construction's claim including but not limited to the following:

    i. misrepresenting pertinent facts and insurance policy provisions relating to the coverage at issue;
    ii. failing to settle claims where liability has become reasonably clear under one portion of the insurance policy, in order to influence settlements under other portions of the insurance policies.

    iii.    failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under Phillips Construction's insurance policies;

    iv.    failing to adopt and implement reasonable standards for the prompt investigation of claims under Phillips Construction's insurance policies;

    v.    refusing to pay claims without conducting a reasonable investigation based upon all available information;

    vi.    not attempting in good faith to effectuate prompt, fair and equitable settlement of Phillips Construction's claim after liability had become reasonable clear; and

    vii.    compelling Phillips Construction and other policyholders to institute litigation to recover amounts due under their policies.

53. The common law and statutory bad faith, and violations of the UTPA and insurance regulations by the Defendants in this claim, and other claims, occurred with such frequency as to constitute a general business practice.

54. Continental engaged in self dealing and placed their interests above those of their insured, and engaged in bad faith conduct intended to shift responsibility to Phillips Construction and to avoid payment under the policies.

55. The actions of the Defendants were willful, wanton, and malicious. Punitive damages are necessary to punish and deter future misconduct.

56. As a direct and proximate result of the foregoing actions of the Defendants, Phillips Construction has lost the benefit of its bargain, has incurred significant attorneys' fees, legal expenses and related litigation costs, and has been ordered to pay a judgment of $400,000. Phillips Construction has also suffered damage to its reputation, lost business, delay, annoyance and inconvenience, and other economic and non-economic damages.

**COUNT V BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

57. As part of their contractual relationships with Phillips Construction, the Defendants had a duty and obligation to conduct themselves with utmost good faith and fair dealing and to place the interests of Phillips Construction above their own interests.

58. The Defendants placed their own interests above their inured, Phillips Construction, and committed actions intended to protect themselves while exposing Phillips Construction to liability for the damages sought by Jeff Yeager.

59. The Defendants violated the covenants of good faith and fair dealing and breached their obligations to Phillips Construction.

60. As a direct and proximate result of the foregoing actions of the Defendants, Phillips Construction has lost the benefit of its bargain, has incurred significant attorneys' fees, legal expenses and related litigation costs, and has been ordered to pay a judgment of $400,000. Phillips Construction has also suffered damage to its reputation, lost business, delay, annoyance and inconvenience, and other economic and non-economic damages.

## COUNT VI NEGLIGENT MISREPRESENTATION/DETRIMENTAL RELIANCE

61. Phillips Construction requested to be fully covered for its West Virginia operations, and was promised by BB&T and Pope that they would procure insurance to cover all potential claims.

62. BB&T and Pope negligently and carelessly misrepresented that it would procure appropriate coverage, and negligently represented that Phillips Construction was fully covered for the liability claims that may arise out of its West Virginia operations, including lawsuits filed by injured employees.

63.     Phillips Construction relied on these representations to its detriment and suffered significant financial loss and other damages.

64.     As a direct and proximate result of the foregoing actions of BB&T and Pope, Phillips Construction has lost the benefit of its bargain, has incurred significant attorneys' fees, legal expenses and related litigation costs, and has been ordered to pay a judgment of $400,000. Phillips Construction has also suffered damage to its reputation, lost business, delay, annoyance and inconvenience, and other economic and non-economic damages.

**Wherefore,** Phillips Construction and Jeff Yeager demand judgment against the Defendants jointly and severally, in an amount to be determined by a jury as compensation for the damages suffered by Phillips Construction, plus punitive damages, pre and post judgment interest, attorneys' fees and legal expenses, and other relief deemed appropriate by this Court.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

        **PHILLIPS CONSTRUCTION and**
        **JEFF YEAGER,**

        By Counsel

        /s/James R. Fox_____
        James R. Fox, Esq. (WVSB 5752)
        **FOX   LAW OFFICES, PLLC**
        3359 Teays Valley Road
        Hurricane, WV  25526
        (304) 562-9202
        Counsel for Phillips Construction, LLC, and
        Jeff Yeager